**Richard R. BASTIAN, III; B.P. Loughridge; Ronald D. Rotunda; Marcia Rotunda; General Synergy Investments, an Oklahoma partnership; Gabriel Fernandez; J. Mahar; CMF Associates, an Illinois partnership; Alfred J. Hendron; and M.T. Davidson, Plaintiffs,**

v.

**PETREN RESOURCES CORPORATION, an Illinois corporation; Faestel Investments, Inc., an Illinois corporation; David J. Faestel; McDermott, Will & Emery, a partnership; and Brian Hucker, Defendants.**

**No. 86 C 2006.**

United States District Court,
N.D. Illinois, E.D.

April 11, 1988.

Michael H. Moirano, Chicago, Ill., for plaintiffs.

Stephen Novack, Donald A. Tarkington, Mitchell L. Marinello, Novack and Macy, William O'Connor, Zukowski, Rogers & Flood, Chicago, Ill., James G. Wiles, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for defendants.

BRIAN BARNETT DUFF, District Judge.

Plaintiffs move this court to reconsider its ruling of March 7, 1988 dismissing their complaint for, among other things, failing to allege "loss causation" in their sec. 10(b) claim. *Bastian v. Petren*, 681 F.Supp. 530, 532–36 (N.D.Ill.1988). In their motion, plaintiffs call this court's reasoning in its initial ruling "preposterous" and "absurd" and insist that, particularly in light of the Supreme Court's recent decision in *Basic Incorporated v. Levinson*, —— U.S. ——, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988), they are entitled to proceed with their sec. 10(b) claim without having to allege a caus-

---

al connection between defendants' alleged misrepresentations and the decline in value of the securities they purchased. Plaintiffs are neither preposterous nor absurd, merely wrong as well as rude.

As plaintiffs concede, The *Basic Incorporated v. Levinson* opinion did not specifically address the question of "loss causation". The Court merely elaborated on the requirements for proving "transaction causation"—that is, causation-in-fact between a misrepresentation and an investor's decision to purchase or sell a security. Although the Court did state at one point that "[r]eliance provides the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury," it did so only in the course of discussing "transaction causation". Thus, this statement does not establish that "loss causation" has no part in a sec. 10(b) claim; indeed, one of the cases cited by the Court as support for the statement, *Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88, 92 (2d Cir.1981), specifically noted that "loss causation" is an additional element in a sec. 10(b) case. *Id.* at 92 n. 7.

Furthermore, plaintiffs' example in support of their position proves too much. Plaintiffs claim that it is ridiculous to require proof of "loss causation" because such a requirement means that if an investor discovers two days after an investment that he has been the victim of a material misrepresentation, he will be unable to recover unless and until the misrepresentation results in a decline in value of his security. Yet, this same criticism could be applied with equal force to the requirement that a plaintiff prove "transaction causation". Someday, somewhere a court may hold that injury is not a necessary element of a sec. 10(b) or Rule 10b–5 claim. This court, today, will not.

Plaintiffs have also asked this court to certify the "loss causation" issue for immediate appeal to the Seventh Circuit pursuant to 28 U.S.C. sec. 1292(b). In light of the overwhelming support for this court's position on the issue, from courts of appeals of other circuits as well as district courts within this circuit, *see Bastian v.*

*Petren*, at 533–34, this court will decline that request.